UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH F. ESCALANTE,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.   5:13-cv-03098 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re:   Dkt. No. 13] |

Pro se plaintiff Joseph F. Escalante sues the United States under 42 U.S.C. § 1983 for alleged deprivation of equal protection under the law. Escalante says that he suffered a back injury related to his work duties as a federal employee. According to the complaint, his claim for benefits under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101, et seq., was denied because the U.S. Department of Labor, Office of Workers' Compensation Programs (OWCP) concluded that Escalante failed to establish that he developed an occupational disease causally related to his federal employment. Escalante contends that FECA gives him less protection and rights than those enjoyed by state or local employees under California law. As such, he says that OWCP deprived him of equal protection by failing to apply California law to his FECA claims.

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the United States moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for relief.

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of all of the moving and responding papers,[1] as well as the arguments presented at oral argument,[2] the court grants defendant's motion without leave to amend.

## DISCUSSION

**A. Fed. R. Civ. P. 12(b)(1)**

To the extent plaintiff seeks judicial review of the merits of his FECA claim,[3] defendant contends that this court lacks subject matter jurisdiction because such review is precluded by 5 U.S.C. § 8128(b).

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). Where, as here, a party raises a factual attack on jurisdiction, the court may consider evidence outside the pleadings, and no presumption of truthfulness attaches to the allegations in the complaint. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). Once a defendant raises such a challenge, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Id.

FECA section 8128(b) provides:

---

[1] Escalante timely opposed the motion. Weeks after briefing closed, however, he filed an additional "Memorandum in Objection to Defendant's Motion to Dismiss." (Dkt. 18). This supplemental brief was filed without leave of court in violation of Civil Local Rule 7-3(d) (stating that, with certain exceptions not applicable here, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."). The court nevertheless has considered all of plaintiff's papers, including his supplemental opposition brief.

[2] Plaintiff did not appear for the January 14, 2014 motion hearing.

[3] In his initial opposition brief, plaintiff says that he is not seeking judicial review of the denial of his FECA claim; rather, he challenges only the manner in which that claim was decided. Defendant points out that his complaint nonetheless seeks disability payments. Moreover, plaintiff's supplemental opposition brief suggests that he seeks review on the merits of his underlying claim for disability compensation.

2

> The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). The Ninth Circuit has made clear that this statute precludes judicial review of the merits of compensation decisions. See Staacke v. U.S. Sec'y of Labor, 841 F.2d 278, 281 (9th Cir. 1988) ("The language [of § 8128(b)] is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction."); Rodrigues v. Donovan, 769 F.2d 1344, 1347-48 (9th Cir. 1985) ("The structure of FECA and the language of section 8128(b) convince us that Congress's intent was that the courts not be burdened by a flood of small claims challenging the merits of compensation decisions, and that the Secretary should be left free to make the policy choices associated with disability decisions."). Accordingly, insofar as plaintiff seeks judicial review on the merits of his underlying compensation claim, this court lacks jurisdiction to do so.

**B. Fed. R. Civ. P. 12(b)(6)**

Courts nevertheless maintain jurisdiction to consider constitutional claims.[4] Staacke, 841 F.2d at 281. Even so, defendant contends that the complaint fails to state a cognizable constitutional claim for violation of plaintiff's equal protection rights.[5]

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of

---

[4] Jurisdiction also exists over claims for alleged violation of a clear statutory mandate or prohibition. Staacke, 841 F.3d at 281. Plaintiff has not identified any such violation. Moreover, the Secretary's discretion with respect to administration of the FECA has been characterized as "virtually limitless." Id. at 282.

[5] Although plaintiff alleges a violation of his equal protection rights under the Fourteenth Amendment, "[t]he Fourteenth Amendment applies to actions by a State." San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm'n, 483 U.S. 522, 543, n.21, 107 S. Ct. 2971, 97 L.Ed.2d 427 (1987). Plaintiff's claim is therefore treated as one under the Fifth Amendment, which "appl[ies] to the federal government and contains an equal protection component." Id.

sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

As discussed above, Escalante claims that he was denied equal protection because OWCP should have applied state law in determining his FECA claim. However, "FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees." Markham

4

v. United States, 434 F.2d 1185, 1187 (9th Cir. 2006).  Moreover, the Supremacy Clause provides that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const., Art. VI, cl. 2.  Thus, "'[w]here state and federal law 'directly conflict,' state law must give way.'"  Wos v. E.M.A. ex rel Johnson, 133 S. Ct. 1391, 1398, 185 L.Ed.2d 471 (2013) (quoting PLIVA, Inc. v. Mensing, 564 U.S. ---, ---, 131 S. Ct. 2567, 2577, 180 L.Ed.2d 580 (2011)).  To the extent that state law conflicts with FECA, the Ninth Circuit has held that "FECA would prevail by operation of the Supremacy Clause of the U.S. Constitution."  Wilson-Sauls v. Curtis, 359 Fed. Appx. 856, 858 (9th Cir. 2009) (unpublished).  See also Saltsman v. United States, 104 F.3d 787, 791 (6th Cir. 1997) (same); Demetriades v. U.S. Postal Service, 465 F. Supp. 597, 598 (E.D.N.Y. 1979) ("Under the Supremacy Clause of the Constitution and Supreme Court cases construing it, a state, within its local boundaries, may not regulate or control the affairs of the federal government so as to impede, burden, control or prevent the exercise of its sovereign powers."); McInerney v. Fagan, No. 96 C 6633, 1998 WL 258472 at *5 (N.D. Ill., May 15, 1998) (concluding that "[p]laintiff's state law claims also fail because they conflict with the FECA and its implementing regulations.").

Additionally, the United States is not a "person" that can be sued under section 1983.  See Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir.1970) ("Under Section 1983, only 'persons' may be sued for deprivation of civil rights.  The United States and other governmental entities are not 'persons' within the meaning of Section 1983.").  "[B]y its very terms, § 1983 precludes liability in federal government actors."  Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997).

Accordingly, the court concludes that plaintiff does not state a cognizable constitutional claim for relief and that his complaint must be dismissed without leave to amend.

## ORDER

Based on the foregoing, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed without leave to amend.  All previously scheduled deadlines and court appearances

are vacated.[6]  The clerk shall enter judgment and close the file.

**SO ORDERED**.

Dated:   February 21, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant's request (Dkt. 19) to vacate the upcoming case management conference pending resolution of its dispositive motion is denied as moot.

1    5:13-cv-03098-HRL Notice has been electronically mailed to:

2    Claire T. Cormier     claire.cormier@usdoj.gov

3

4    5:13-cv-03098-HRL Notice sent by U.S. Mail to:

5    Joseph F. Escalante
     366 Navajo Drive
6    Salinas, CA 93906